ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> G.I. JOE'S HOLDING ) <br> CORPORATION and G.I. JOE'S, ) <br> INC., ) <br> ) <br> Debtors. ) | Chapter 11 <br><br> Case No. 09-10713 (KG) <br> Jointly Administered <br><br> **Related Docket No. 68** |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FINANCO, INC. *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to employ and retain Financo, Inc. ("Financo"), as investment banker for the Debtors, pursuant to §§ 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); the Court having reviewed the Application and the Declaration of William Busko (the "Busko Declaration") of Financo and the O'Malley Declaration; the Court having heard the statements of counsel in support of the relief requested therein at a hearing thereon (the "Hearing"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) Financo does not hold or represent any interest adverse to the Debtors' estates, (d) Financo is a "disinterested person" as contemplated under §§ 327 and 329 of the Bankruptcy Code and (e) employment of Financo is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; the Court finding that notice of the Application and the Hearing given by the Debtors was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set

---

[1] Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed to such term in the Application.

forth in the Application, the Busko Declaration, the First-Day Declaration and at the Hearing establish just cause for the relief herein granted, and after due deliberation and cause appearing therefor, it is HEREBY ORDERED that:

1. The Application is granted as set forth herein.

2. The Debtors are authorized, pursuant to §§ 327(a), 328(a) and 330 of the Bankruptcy Code, to engage, effective as of the Petition Date, upon the terms and for the purposes set forth in the Application and in that certain Engagement Agreement attached to the Application as **Exhibit C** (as amended, the "Engagement Agreement"), Financo as investment banker for the Debtors in these Chapter 11 Cases.

3. Financo's compensation shall be subject to the standard of review provided for in § 330 of the Bankruptcy Code, and not subject to any other standard of review under the Bankruptcy Code. Although Financo shall not be required to file monthly fee applications for the Monthly Advisory Fees, any request for payment of any Incentive Fee shall be made in Financo's final fee application and shall be subject to the standard of review under § 330 of the Bankruptcy Code. Financo's final fee application must also include requests for all Monthly Advisory Fees paid postpetition, which shall also be subject to the standard of review provided for in § 330 of the Bankruptcy Code.

4. Any and all compensation that shall become due and payable to Financo hereunder shall be afforded administrative priority under 11 U.S.C. § 503(b)(2) and 507(a)(2) and entitled to the benefits expressly set forth for Financo in Section 9 of the interim debtor-in-possession financing order entered by this Court in these Chapter 11 Cases on or around March 9, 2009, and any similar provision(s) in any successor financing order.

5. All objections to the Application or the relief requested therein that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

6. Notice of the Application and the Hearing was proper, timely, adequate and sufficient under the particular circumstances.

7. The terms and provisions of the Engagement Agreement are approved by this Court, including the Indemnity Provision.

8. Financo shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and other any applicable orders of this Court.

9. The Debtors and Financo are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. Notwithstanding the possible applicability of Rules 6004, 7062 and 9014 of the Bankruptcy Rules, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: April 2, 2009

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE