# United States Bankruptcy Court
## District of Delaware

In re G.I. Joe's Holding Corporation, *et al.*     Case No. 09-10713 (KG)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim references in this evidence and notice.

National Union Fire Insurance
Company of Pittsburgh, PA

Name of Transferee

Name and Address where notices to transferee
should be sent:

National Union Fire Insurance
Company of Pittsburgh, PA
c/o SILVERMANACAMPORA, LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Attn: Adam L. Rosen, Esq.

Phone: (516)-479-6300
Last Four Digits of Acct #:_____

Name and Address where transferee payments
should be sent (if different from above):

Eastman Outdoors, Inc.

Name of Transferor

Court Claim # (if known): 994
Amount of Claim: $15,146.58
Date Claim Filed: May 21, 2009

Phone:
Last Four Digits of Acct #:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____     Date: March 25, 2010
Adam L. Rosen
SILVERMANACAMPORA LLP
Attorneys for the National Union Fire Insurance
Company of Pittsburgh, PA

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

BP/D302851v/F055476

# United States Bankruptcy Court
## District of Delaware

In re G.I. Joe's Holding Corporation, *et al.*    Case No. 09-10713 (KG)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. <u>994</u> (if known) was filed under U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than Security in the clerk's office of this court on _____ (date).

| | |
|---|---|
| <u>Eastman Outdoors, Inc.</u> | <u>National Union Fire Insurance Company of Pittsburgh, PA</u> |
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| Eastman Outdoors, Inc.<br>7395 Reliable Parkway<br>Chicago, IL 60686<br>Attn: Kelly Spurduti, Credit Manager | National Union Fire Insurance Company of Pittsburgh, PA<br>c/o SILVERMANACAMPORA, LLP<br>100 Jericho Quadrangle<br>Jericho, New York 11753<br>Attn: Adam L. Rosen |

### ~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
**CLERK OF THE COURT**

# Release and Assignment Agreement
## Insured: Eastman Outdoors, Inc.
## Policy No. 949-1863
## Claim No.: 344-001729(1) &(2)

WHEREAS, National Union Fire Insurance Company of Pittsburgh, PA (the "Company") issued an Insolvency Risk Insurance Policy- Form No. 949-1863 effective April 1st, 2008 to April 1st, 2009 (the "Policy"), to Eastman Outdoors, Inc. (the "Insured");

AND WHEREAS, the Insured did submit Claims under the Policy relating to certain of the Insured's transactions with Sportsman's Warehouse and G.I. Joe's, Inc. (hereafter the "Claims" and the "Buyer");

AND WHEREAS, the Loss is defined in the Policy as the invoice values unpaid by the Buyer and established as valid and legally sustainable obligations of the Buyer due to the Insured;

AND WHEREAS, the Policy contains an Insured Percentage of Eighty-Five (85%) with respect to this Buyer, such amount to be borne by the Company;

AND WHEREAS, the Policy contains a Deductible of $10,000;

AND WHEREAS, the Policy contains a Buyer Limit of $500,000 with respect to buyer Sportsman's Warehouse;

AND WHEREAS, the Policy contains a Discretionary Credit Limit of $10,000 with respect to buyer G.I. Joe's, Inc.;

NOW THEREFORE, the Company agrees to pay US $80,450.25 for the Claims, calculated as follows (hereafter the "Claim Payment"):

| | |
|---|---|
| Sportsman's claim | $89,562.54 |
| Deductible | $10,000.00 |
| Total Eligible | $79,562.54 |
| Insured percentage | 85% |
| **Claim Payment** | **$67,628.16** |
| G.I. Joe's claim | $15,084.81 |
| Insured percentage | 85% |
| **Claim Payment** | **$12,822.09** |

NOW THEREFORE, in consideration of the Claim Payment to the Insured by the Company:

1) The Insured on behalf of itself and any of its parent or affiliated or subsidiary entities, agents, employees, owners, managers, representatives, predecessors, divisions, beneficiaries, insurers and attorneys hereby fully releases the Company, the Company's parent or affiliated or subsidiary entities, agents, employees, owners, managers, representatives, partners, joint venturers,

members, directors, officers, shareholders, assignors, assignees, predecessors, successors, divisions, beneficiaries and reinsurers from any and all debts, claims, demands, damages, liabilities, obligations, and/or losses, actions and causes of action of whatsoever character and description whether known or unknown, direct or indirect, fixed or contingent, asserted or unasserted which the Insured ever had, now has or hereafter can, shall or may have, for, upon, or by reason of a loss arising out of the Claims;

2) The Insured does hereby assign, transfer and set over to the Company, their successor and assigns, all sums of money now due, or to become due from the Buyer identified herein, and any and all contracts, security and evidences of indebtedness relating thereto, to have and to hold the same, with full power to collect and enforce the same, for their own use and benefit by any action or proceeding in the name of the Insured or otherwise, and to take all legal steps as they deem proper or necessary in connection herewith, and will share recoveries as provided for in the terms and conditions of the Policy.

3) If any amount claimed is not accepted by reason of a claim of a dispute or offset by a Buyer or its successor in bankruptcy (the "Unaccepted Amount"), upon written request of the Company, the Insured agrees to refund that part of the Claim Payment effected by the Unaccepted Amount within sixty (60) days of receipt of said written request by the Company.

4) All sums received from the Buyer or any other party as or toward payment of the Buyer's indebtedness to the Insured, and all sums received from any other party to acquire the rights to the Buyer's indebtedness, shall immediately be paid to the Company and shared at the Insured Percentage until the amount of the Company's Claim Payment and the Company's costs of recovery are fully reimbursed, all further sums to inure to the benefit of the Insured;

5) The Insured hereby agrees to provide all reasonable cooperation to the Company with respect to any attempt the Company may make to sell, collect and/or enforce the Buyer's indebtedness. The Insured shall do everything that may be reasonably necessary to allow the Company to sell, collect and/or enforce the Buyer's indebtedness, including, but not limited to, executing all papers furnished by the Company, the Buyer, or a third party which are required or necessary to enable the Company to effectively bring suit in the name of the Insured or sell the indebtedness. By executing this release and assignment, the Insured hereby authorizes the Company to execute all documents that may be necessary to pursue said Buyer indebtedness or to assign, sell, or transfer the indebtedness;

6) The Insured hereby agrees to forward to the Company the notice from the Buyer, the Buyer's Receiver(s), Trustee(s), the Court, or other duly constituted authority, of the acknowledgment of a Loss within Thirty (30) business days of receipt; regardless of whether or not these amounts are different from the amounts of accounts receivable that the Insured believes are owed or has filed as the Claims;

7) The Insured represents and warrants that as of the date that the Buyer filed or was caused to file for bankruptcy, no further accounts receivable in connection with the Buyer are included in or covered by the Policy;

8) The Insured hereby represents that it has not assigned, sold, or transferred in any way whatsoever any of its rights, privileges and claims with respect to the debts;

9) The Insured hereby represents and warrants that it has good and valid legal title to the rights, privileges and claims which are the subject of this release and assignment, and that the claims of the Insured against the Buyer are not subject to offset or counter claim;

10) The Insured represents and warrants that there has not been and that there is not outstanding and unsettled, any dispute or any issue raised by the Buyer regarding claims of the Insured against the Buyer;

11) The Insured certifies that it has not granted or paid, agreed to grant or pay or caused to be granted or paid to the Buyer or to any other person or entity any discount, allowance, rebate, commission, fee or other payment in connection with the Claims of the Insured against the Buyer up to the Buyer Limit;

This Release may not be changed orally.

Eastman Outdoors, Inc.

IN WITNESS THEREOF, the Insured has caused this instrument to be signed and sealed this ___3rd___ Day of ___June___, 20_09_.

By: _____
Authorized Representative

Title: _____

STATE OF __Michigan__, COUNTY OF __Genesee__:

On __June 3rd__, 2009, before me __Betty M Devard, Notary Public__

_____
Notarization  My Commission Expires 9/7/2012